**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RYAN FOSMO,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF ELKO, *et al.*,<br>                Defendants. | 3:14-cv-00468-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are motions by defendant David Goff ("Goff") to quash service and dismiss (#s 21/22). Plaintiff opposed (#25), and Goff replied (#28). Having reviewed the motions and papers, the court hereby recommends that the motion be denied.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2012, Ryan Fosmo ("plaintiff") was detained by the Elko County Sherriff's Office. He was charged with possession of a firearm by an ex-felon pursuant to Nevada Revised Statute 202.360. During the pendency of his state criminal proceedings on the charge, he was held by the Sherriff's Office in the Elko County Jail. Plaintiff alleges that, on September 10, 2012, he was severely beaten at the Jail by other detainees, including Goff. Pursuant to 42 U.S.C. § 1983, he brings civil rights claims against Elko County officials, Goff, and other detainees under the Fourth, Eighth, and Fourteenth Amendments, as well as personal injury and emotional distress claims sounding in tort.

Plaintiff filed his complaint on September 10, 2014 (#1). On December 9, 2014, he filed a motion for service by publication (#10). Therein, he stated that service of Goff and others by publication was necessary due to his inability to effect personal service. The court held a case management conference on January 6, 2015 (#13), at which plaintiff's counsel stated that he had

1  no information regarding the location of Goff. Although the court denied the motion without
2  prejudice due to its failure to discuss plaintiff's efforts to locate Goff and effect service through
3  ordinary means, the court provided plaintiff one month to refile the motion with supporting
4  affidavits and authorities. Counsel for Elko County also orally provided information regarding
5  the whereabouts of Goff, who had been transferred from the Elko County Jail to High Desert
6  State Prison ("HDSP") in Indian Springs, Nevada to serve his criminal sentence. Accordingly,
7  plaintiff provided a summons to his process server on January 10, and Goff received personal
8  service at HDSP on January 14, 2015 at 8:45 a.m. (*See* #16.)

## II.   DISCUSSION

10  Goff seeks to quash service and also dismissal on the bases that plaintiff failed to effect
11  timely service under Rule 4(m) of the Federal Rules of Civil Procedure, and also that plaintiff
12  failed to demonstrate that he has grieved his claims pursuant to the Prison Litigation Reform Act
13  ("PLRA"), 42 U.S.C. § 1997e. The court considers each argument below.

14  **A.    Service**

15  A defendant may move to dismiss when service of process is inadequate. Fed. R. Civ. P.
16  12(b)(5). When the plaintiff fails to effect service within 120 days, the court must dismiss a
17  complaint upon a defendant's motion or *sua sponte* following notice to the plaintiff. Fed. R. Civ.
18  P. 4(m). Upon a showing of "good cause," the court "must extend the time for service for an
19  appropriate period." *Id*. "Additionally, the rule *permits* the district court to grant an extension
20  even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)
21  (emphasis original). The court's discretionary extension need not occur prior to the expiration of
22  the 120-day period. *Id*.

23  Because plaintiff filed his complaint on September 10, 2014, the Rule 4(m) period for
24  service expired on January 8, 2015. Therefore, Goff's argument that service was untimely is
25  correct. Notably, plaintiff's opposition entirely misunderstands the court's January 6 orders. The
26  court did not, as plaintiff contends, extend the period for service by an additional month, such that
27  the period for service expired in early February. (*See* #25 at 3.) At the case management
28  conference, the court merely allowed an additional month in which plaintiff could refile his

motion for service by publication with proper support. Although the issues are somewhat related, the precise issue of the service deadline was not before the court.

Nevertheless, the court believes that the circumstances of this case and judicial economy favor a retroactive extension. The court has no information before it regarding the adequacy of plaintiff's efforts to locate Goff during the Rule 4(m) period, and plaintiff's counsel has not attempted to argue that the period should be extended for good cause. However, the record indicates that Goff received personal service only eight days after Elko County's counsel informed plaintiff's counsel of Goff's incarceration at HDSP, and only six days past the Rule 4(m) deadline. Given the difficulty associated with locating and serving incarcerated persons, the court believes that extending the period of service to January 14, 2014 is warranted, notwithstanding plaintiff's failure to demonstrate good cause. The court recommends that the period for service be extended and Goff's motions be denied.

**B.     Exhaustion**

Under PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust is an affirmative defense, and the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The proper vehicle for raising the defense is not a motion to dismiss unless failure to exhaust is plain on the face of the complaint. *Albino*, 747 F.3d at 1168-69. Ordinarily, a defendant should move for summary judgment on the basis of exhaustion, with thereby requires an adequate showing under Rule 56. *See id*. at 1169-70.

Plaintiff need not plead or prove that he exhausted any remedies that might be available at the Elko County Jail, for it is Goff who bears the burden of proof on that issue. Goff fails to present sufficient evidence on the issue, and therefore, his motion to dismiss, even construed as one for summary judgment, lacks merit.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that the motions (#s 21/22) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant Goff's motions to quash service and for dismissal (#s 21/22) be **DENIED**.

**DATED**: June 24, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**